IDA RABINS, Appellant, *v.* HERMAN RABINS, Respondent.

*Per Curiam.* In granting plaintiff a separation, the Trial Judge found that defendant's abandonment of plaintiff was wholly unjustified and not provoked by any act on plaintiff's part. That she exaggerated before the Official Referee her claims for permanent alimony is no ground for giving her less than she is entitled to though much less than she demanded.

While defendant was paying her $100 a week as temporary alimony, he also paid the son's tuition in college and $55 a month to the daughter who gave it to plaintiff in part payment of the rent of the apartment which defendant had selected at $155 a month.

Defendant's income from the partnership business in 1948 was over $53,000; in 1949, $14,900; in 1950, $24,000. These figures are undisputed and produced by defendant's own accountant as well as the figure that from January to September, 1951, the gross in his partnership was $771,516.67. In one year he had as so-called traveling and entertainment expenses $12,607.11, no specific item of which was established by proof as a deductible expense.

At the time of the reference the daughter was over twenty-one and self-supporting. The other child, the son, is now over twenty-one.

On the facts disclosed, defendant should pay to plaintiff as permanent alimony for her own support and maintenance the sum of $130 a week. The orders appealed from should be modified accordingly, with costs to plaintiff-appellant and the award of alimony and maintenance should be added to the foot of the judgment of separation.

Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ., concur.

On the facts disclosed defendant is directed to pay plaintiff as permanent alimony for her own support and maintenance the sum of $130 a week. Orders unanimously modified accordingly, with $20 costs and disbursements to the appellant, and the award of alimony and maintenance is to be added to the foot of the judgment of separation. Settle order on notice.