■ HARRY B. HENSHEL, Respondent, v. HENRY HELD, Appellant, et al., Defendants.— Order, entered on February 14, 1962, granting plaintiff's motion to vacate a notice by defendant Held to examine codefendants before trial unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and the motion denied. In *Schneider* v. *Doyle* (6 A D 2d 122) we held that a defendant may examine a codefendant before trial though there were no cross claims asserted. Section 288 of the Civil Practice Act provides that any party to an action may take the deposition of any other party which is material and necessary. Rule 121-a of the Rules of Civil Practice also provides that any party may cause the deposition of any other party to be taken. While *Schneider* v. *Doyle* (*supra*) was a personal injury action, the rationale of that holding applies to all actions. The codefendants sought to be examined herein were added as indispensable parties to the action by order of this court. (*Henshel* v. *Held*, 13 A D 2d 771.) No claim is asserted against the codefendants by any of the parties. Nevertheless, they were served with process and have appeared by the same attorneys who represent plaintiff in the action. They have interposed no answer. However, having been served and having appeared in the action, the codefendants became "parties" within the meaning of section 288 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice. They may, therefore, be examined as parties and appellant need not proceed against them as witnesses. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MARGARET F. BECKER, Respondent, v. MARTIN BECKER, Appellant.— Order, entered on September 20, 1962, unanimously modified on the law and the facts by reducing the award of temporary alimony for the support of plaintiff and the infant daughter of the parties to $300 per week and the counsel fees to $2,000, with leave to apply to the trial court for an additional counsel fee, if the circumstances warrant, and as so modified, affirmed, without costs. The award of $2,000 counsel fees shall be inclusive of the $1,000 paid pursuant to the order to show cause dated September 25, 1962. In our opinion, upon the basis of the facts — insofar as they can be determined from the conflicting affidavits of this record — the awards made at Special Term were excessive. As this court pointed out in *Barnes* v. *Barnes* (3 A D 2d 242) : "The preliminary determination [of temporary alimony] is made upon the basis of motion papers which may leave unresolved contested and confused claims as to the financial needs and resources of the parties." The determination of the fair and proper amount of temporary alimony in this case was *particularly difficult in view* of the sharp, and perhaps irreconcilable, variance between the exaggerated claims of plaintiff as to her financial needs and defendant's palpably disingenuous concealment of the true nature of his income and resources. But, as the court said in *Rabins* v. *Rabins* (282 App. Div. 690) the fact that the wife exaggerated her claims to temporary alimony "is no ground for giving her less than she is entitled to though much less than she demanded." However, the award of temporary alimony, based on the conflicting affidavits, should have no effect upon the Trial Judge in his determination as to the amount of permanent alimony which may be awarded. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.